IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| GLOBAL ONE FINANCIAL,<br><br>Plaintiff,<br><br>vs.<br><br>EQUITABLE HOLDINGS, INC., *et al.*,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>* | CASE NOS. 4:23-cv-164<br>4:24-cv-051 |

O R D E R

Presently pending before the Court is Global One Financial's unopposed motion for certification of judgment. As explained below, the motion (ECF No. 141) is granted, and Global One shall be permitted to register its judgment against the Patel-Modi Defendants in the District of New Jersey.[1]

DISCUSSION

In accordance with its summary judgment order, the Court previously entered judgment in favor of Global One Financial on its claims against Defendants. See Judgment (Apr. 23, 2026), ECF No. 129; Order (Mar. 20, 2026), ECF No. 123. The Court also entered judgment in favor of Equitable Holdings Inc. on the crossclaims against it by the Patel-Modi Defendants, and in favor of the Patel-Modi Defendants on their third party claims

[1] The Patel-Modi Defendants are Tejas Modi, individually and as Trustee of the Pinali Modi Irrevocable Trust; Pinali Modi, individually and as Trustee of the Tejas Modi Irrevocable Trust; Dinesh Patel, individually and as Trustee of the Sadhana Patel Irrevocable Trust; and Sadhana Patel, individually and as Trustee of the Dinesh Patel Irrevocable Trust.

against Chander Goel and Stefania Zois. *Id.* The Patel-Modi Defendants appealed only the portion of the summary judgment order that granted Equitable's summary judgment motion against the Patel-Modi Defendants. *See* Notice of Appeal (Apr. 17, 2026), ECF No. 126. Thus, there is no appeal pending of Global One's judgment against the Patel-Modi Defendants. The Patel-Modi Defendants did not move to stay enforcement of the judgment or post a supersedeas bond in accordance with Federal Rule of Civil Procedure 62. Thus, Global One is entitled enforce the judgment in this District. But it is undisputed that the Patel-Modi Defendants do not have assets in this District, and the judgment can only be enforced in another district if the judgment is registered there. *See* 28 U.S.C. § 1963 (allowing registration of judgments for enforcement in other districts).

Global One asked the Clerk of the Court to issue a Clerk's certification of judgment to permit Global One to register its judgment against the Patel-Modi Defendants in the District of New Jersey. *See* Letter from T. Gristina to Clerk (Jul. 15, 2026), ECF No. 138. The Clerk concluded that he did not have authority to issue the certification of judgment under 28 U.S.C. § 1963 because the entire judgment is not final by appeal. *See* Letter from Clerk to T. Gristina (Jul. 15, 2026), ECF No. 140 (citing *Urb. Indus. Inc. v. Thevis*, 670 F.2d 981, 985 (11th Cir. 1982)). Global One then filed the present motion for an order

authorizing the Clerk to certify the judgment as to its claims against the Patel-Modi Defendants because that portion of the judgment was not appealed, that portion of the appeal is separate from the portion of the judgment that was appealed, the time for appeal has expired, and good cause exists for the judgment to be registered in the District of New Jersey.

Under 28 U.S.C. § 1963, a judgment entered in a district court may be registered in another judicial district "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. As the Clerk correctly noted, the Eleventh Circuit in *Thevis* found that a judgment is "final by appeal" only when the appeal becomes final, not when a judgment is on appeal without stay or supersedeas. *Thevis*, 670 F.2d at 985. In *Thevis*, the judgment creditors tried to register a judgment in another district even though the judgment was not yet final by appeal, so the Eleventh Circuit found that the judgment creditors' attempt to register the judgment was invalid.[2]

Even if a judgment is not "final by appeal," § 1963 permits the Court (not the Clerk) to order that a judgment may be

[2] When *Thevis* was decided in 1982, § 1963 only permitted registration of a judgment "which has become final by appeal or expiration of time for appeal" and did not allow a court to permit registration "for good cause shown." The good cause provision was added in 1988. *See* Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702 § 1002, 102 Stat 4642 (1988).

registered "for good cause shown." 28 U.S.C. § 1963. The Eleventh Circuit has not expressly stated when "good cause" exists for such an order, but other courts have found good cause if the judgment debtor lacks assets in the judgment forum but has substantial assets in the registration forum. *See, e.g.*, *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197-98 (9th Cir. 2001) (colleting cases).

Here, the Court finds that good cause exists to permit registration of Global One's judgment against the Patel-Modi Defendants in the District of New Jersey. It is undisputed that the Patel-Modi Defendants have no known assets in this District but do have assets in the District of New Jersey, where they own homes and reside. The Patel-Modi Defendants did not appeal Global One's judgment against them, and they did not object to certification of the judgment. For all these reasons, the Court finds good cause to allow Global One to register its judgment against the Patel-Modi Defendants in the District of New Jersey.

IT IS SO ORDERED, this 24th day of August, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA